In the Matter of the Claim of EDUARDO CASTRILLON, Respondent, v. MARLOW TOOL & DIE CORP., Appellant, and UNINSURED EMPLOYERS' FUND, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent. — STALEY, JR., J. Appeal by the employer from a decision of the Workmen's Compensation Board, filed August 1, 1968, which held that there was no insurance coverage on the date of the accident. The sole issue on this appeal is whether or not appellant was covered by compensation insurance on January 26, 1966, the date of claimant's accident. Appellant had a policy of compensation insurance with Cosmopolitan Mutual Insurance Company for the period December 14, 1964 to December 14, 1965. On December 2, 1965 Cosmopolitan notified appellant's broker that the policy would not be renewed. On December 14, 1965 a telephone conversation took place between the broker and a representative of Cosmopolitan discussing a renewal of the policy. Thereafter, the company wrote a letter dated December 16, 1965 to the broker stating that Cosmopolitan "will be unable to renew the coverage under this policy unless we can obtain a surcharge of 50% over the modified premium in accordance with section 185 of the Insurance Law". The letter further states: "In the event your insured is agreeable to paying this premium, we enclose a sample of the letter the insured must prepare on his own letterhead in triplicate". The representative of Cosmopolitan testified that on January 6, 1966 he was advised by the broker that appellant had no intention of paying the additional premium. On February 3, 1966 Cosmopolitan received a letter dated February 2, 1966 with the executed forms agreeing to the 50% surcharge. Cosmopolitan replied that the policy had terminated on December 14, 1965 and that there was no coverage on the date of the accident. It is conceded that no written binder was ever countersigned by Cosmopolitan extending the compensation insurance coverage. Appellant contends, however, that an oral binder had been made. The board found that the testimony "with regard to an oral binder under the circumstances herein is incredible". The board's decision involves a finding of

fact based ·on the credible evidence. The question of credibility is an issue of fact within the exclusive province of the board. (Workmen's Compensation Law, § 20; *Matter of Heller* v. *Moskowitz & Lupowitz,* 28 A D 2d 581; *Matter of Walker* v. *Frouge Constr. Co.,* 24 A D 2d 775.) The record contains substantial evidence to support the board's finding. Decision affirmed, with costs to Cosmopolitan Mutual Insurance ·Company. Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Cooke, JJ., concur in memorandum by Staley, Jr., J.